**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LYNNE CEBULSKE, | |
| Plaintiff, | Civil Action No. 14-627-MJR-SCW |
| v. | |
| JOHNSON & JOHNSON; JOHNSON & JOHNSON CONSUMER COMPANIES, INC.; IMERYS TALC AMERICA, INC., F/K/A LUZENAC AMERICA, INC.; AND PERSONAL CARE PRODUCTS COUNCIL F/K/A COSMETIC, TOILETRY, AND FRAGRANCE ASSOCIATION (CTFA), | |
| Defendants. | |

## <u>NOTICE OF REMOVAL</u>

Without submitting to the jurisdiction of this Court and without waiving any available defenses, Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. (collectively referred to as "Removing Defendants"), by counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this action from the Circuit Court of St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois.  Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which the Court has original jurisdiction under 28 U.S.C. § 1332.  In support of this Notice of Removal, Removing Defendants state as follows:

1.       On or about May 14, 2014, Plaintiff commenced this action against Removing Defendants, Imerys Talc America, Inc., f/k/a Luzenac America, Inc., and Personal Care Products Council by filing a complaint in the Circuit Court of St. Clair County, Illinois bearing the case number 14L331.  A true and correct copy of the Complaint is attached hereto as part of **Exhibit A**. Removing Defendants have not been served as of this date, and accordingly, no other order or pleadings have been served upon them.

420802 v1

2.    Plaintiff alleges that she regularly dusted her perineal area with J&J's Baby Powder and Shower-to-Shower products. These products contain talcum powder, which Plaintiff claims proximately caused her to develop ovarian cancer. *See* Compl. ¶ 1.

## I.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

3.    This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 and 1441 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different States.

### A.    There Is Complete Diversity of Citizenship Between the Parties.

4.    The Complaint alleges that Plaintiff is a resident and citizen of Illinois *See* Compl. ¶ 2, 17. Accordingly, Plaintiff is a citizen of Illinois for purposes of determining diversity of citizenship.

5.    Johnson & Johnson is, and was at the time Plaintiff commenced this action, a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in New Jersey. Accordingly, for purposes of diversity jurisdiction, it is a citizen of New Jersey. Johnson & Johnson has not been served with this lawsuit as of this date.

6.    Johnson & Johnson Consumer Companies, Inc. is, and was at the time Plaintiff commenced this action, a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in New Jersey. Accordingly, for purposes of diversity jurisdiction, it is a citizen of New Jersey. Johnson & Johnson Consumer Companies, Inc. has not been served with this lawsuit as of this date.

7.    Imerys Talc America, Inc., f/k/a Luzenac America, Inc. is, and was at the time Plaintiff commenced this action, a corporation organized and existing under the laws of Delaware with its principal place of business in California. Accordingly, for purposes of

diversity jurisdiction, it is a citizen of Delaware and California.  Imerys Talc America, Inc., f/k/a Luzenac America, Inc. was served on May 22, 2014 and its Consent to Notice of Removal is attached hereto as Exhibit B.

8.      Personal Care Products Council is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the District of Columbia with its principal place of business in the District of Columbia.   Accordingly, for purposes of diversity jurisdiction, it is a citizen of the District of Columbia.   Upon information and belief, Personal Care Products Council has not been served with this lawsuit as of this date.   While an unserved defendant's consent to removal is not required, 28 U.S.C. § 1446(b)(2)(A), Personal Care Products Council has nonetheless consented to this removal.   Its Consent to Notice of Removal is attached hereto as Exhibit C.

9.      Accordingly, this action involves "citizens of different States."   *See* 28 U.S.C. § 1332(a)(1)-(2).   Because Plaintiff is an Illinois citizen and no defendant properly joined and served is a citizen of the State of Illinois, removal of this action is proper under 28 U.S.C. § 1441(b).

**B.      The Amount-in-Controversy Requirement Is Satisfied.**

10.      The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  *See* 28 U.S.C. § 1332(a).

11.      Though Removing Defendants are not liable to Plaintiff in any way, Plaintiff's Complaint seeks damages for developing ovarian cancer, medical expenses, pain and suffering, lost wages, and punitive damages.  *See* Compl. ¶¶ 41, 47, 51, 55, 59, 64, 67, "Wherefore" paragraph following ¶ 70.   Plaintiff also expressly requests a monetary award of more than

$50,000 per defendant for each of her seven claims.  *See* Compl. "Wherefore" paragraphs following ¶¶ 41, 47, 51, 55, 59, 64, 67.

12.     Given the nature and extent of damages alleged by Plaintiff, and considering her requests for relief, it is clear that the finder of fact could conclude that Plaintiff is entitled to damages in excess of $75,000.

13.     It is widely recognized that claims for personal injuries like those asserted here facially meet the $75,000 jurisdictional threshold.  *See, e.g.*, *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 692 F. Supp. 2d 1025, 1040 (S.D. Ill. 2010) ("Given the severe and ongoing nature of the injuries alleged, the Court finds that it is plausible and supported by the preponderance of the evidence that the amount in controversy has been established."); *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 942 (N.D. Ill. 2002) (concluding that the defendant should have known that the plaintiffs were seeking more than $75,000 when the complaint alleged that they suffered "severe and permanent injuries, including paralysis, and sought damages for lost income"); *Butzberger v. Novartis Pharms. Corp.*, No. 06-80700-CIV-RYSKAMP/VITUNAC, 2006 U.S. Dist. LEXIS 85576, at *8 (S.D. Fla. Nov. 27, 2006) ("federal jurisdiction exists where plaintiffs allege personal injuries caused by prescription medications, even where, as here, they do not expressly provide an[] amount in controversy"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"); *Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007) (similar).

14.     Thus, it is clear in this case that the amount in controversy exceeds $75,000, exclusive of interests and costs.

420802 v1

## II.   REMOVING DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

15.     This notice is filed within one year of the commencement of this action.  Because neither of the named Removing Defendants have been served with the Complaint, this notice of removal is timely pursuant to 28 U.S.C. § 1441(b).

16.     Upon information and belief, Imerys Talc America, Inc. f/k/a Luzenac America, Inc. is the only defendant that has been served.  Its consent to this Notice of Removal is attached hereto as **Exhibit B**.  While Personal Care Products Council has not yet been served, it nonetheless consents to this removal.  *See* **Exhibit C**.

17.     The Circuit Court of St. Clair County, Illinois is located within the Southern District of Illinois.  *See* 28 U.S.C. §§ 93(c)., 1441(a).

18.     No previous application has been made for the relief requested herein.

19.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, order, and other documents currently on file in the Circuit Court of St. Clair County, Illinois is attached hereto as **Exhibit A**.

20.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Circuit Court of St. Clair County, Illinois.  *See* Notice to Plaintiff of Filing Notice of Removal, Attached as **Exhibit D.**

WHEREFORE, Removing Defendants respectfully remove this action from the Circuit Court of St. Clair County, in the State of Illinois, bearing the cause number 14L331, to this Court.

420802 v1

DATED:   June 3, 2014                    Respectfully submitted,

                                         SHOOK, HARDY & BACON LLP

                                         By:    /s/ Madeleine McDonough
                                         Madeleine McDonough, Lead Counsel

                                         1155 F Street, N.W., Suite 200
                                         Washington, DC 20004
                                         Telephone: (202) 783-8400
                                         Facsimile: (202) 783-4211
                                         mmcdonough@shb.com

                                         *Attorney for Defendants Johnson & Johnson and
                                         Johnson & Johnson Consumer Companies, Inc.*

420802 v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 3, 2014, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

<u>/s/ Madeleine McDonough</u>
*Attorney for Defendants Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.*

7