## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LYNNE CEBULSKE,**

**Plaintiff,**

**v.**

**JOHNSON & JOHNSON, JOHNSON &**
**JOHNSON CONSUMER COMPANIES,**
**INC., IMERYS TALC AMERICA, INC.,**
**f/k/a LUZENAC AMERICA, INC., and**
**PERSONAL CARE PRODUCTS COUNCIL**
**f/k/a COSMETIC, TOILETRY, AND**        **No. 14-cv-627-DRH-SCW**
**FRAGRANCE ASSOCIATION (CTFA),**

**Defendants.**

### MEMORANDUM & ORDER

**HERNDON, District Judge:**

This matter is before the Court on Personal Care Products Council's (hereinafter "PCPC") motion to dismiss for lack of personal jurisdiction pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) (Doc. 24). Plaintiff Lynne Cebulske has filed her response (Doc. 48) to which PCPC replied (Doc. 53). For the reasons stated below, the Court **GRANTS** defendant's motion to dismiss.

### I.    Introduction and Background

On May 14, 2012 plaintiff Lynne Cebulske was diagnosed with ovarian cancer. Plaintiff alleges the cause of the cancer was the result of her using Johnson &

Johnson Baby Powder and Shower to Shower (hereinafter "J&J products") to "dust her perineum for feminine hygiene purposes from approximately 1992 to 2014" (Doc. 3-1, ¶ 16). Plaintiff further alleges that her prolonged use of the J&J products caused her ovarian cancer, as she did not possess any of the risk factors commonly associated with the disease. Additionally, plaintiff asserts that women face an increased risk of ovarian cancer due to prolonged use of these talc based products in the genital area. Plaintiff supports her allegations by citing to various national studies dating back to the 1960s, many of which plaintiff contends defendants were aware (Doc. 3-1, ¶ 18-23).

On May 14, 2014, plaintiff filed a complaint before the Circuit Court of St. Clair County alleging eight counts of tort liability recognized under the laws of Illinois (Doc. 3-1).  As to PCPC, Count VI alleges civil conspiracy against all defendants; Count VII alleges concert of action against all defendants; and Count VIII seeks a punitive damages award against all defendants.

PCPC is the successor of the Cosmetic, Toiletry, and Fragrance Association (hereinafter "CTFA") and is a District of Columbia corporation with its principle place of business also located within the District (Doc 3-1, ¶8). Plaintiff argues that jurisdiction is proper in Illinois because PCPC is "legally responsible for all liabilities incurred when it was known as CTFA," including plaintiff's injuries that occurred within the state following the actions perpetrated through the Talc Interested Party Task Force (TIPTF) (*Id*.). CTFA formed the Talc Interested Party Task Force (TIPTF), with the purpose of "pool[ing] financial resources of

[member] companies in an effort to collectively defend talc use at all costs and to prevent regulation of any type over this industry" (Doc 3-1, ¶22). In doing so, plaintiff alleges Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. (hereinafter collectively "J&J"), Imerys, and PCPC suppressed information about the risks of ovarian cancer posed by these talc based products (Doc. 3-1 ¶66).

On June 3, 2014, defendants J&J removed the case to this Court based on diversity jurisdiction (Doc. 3). Thereafter, PCPC filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) arguing this Court lacks personal jurisdiction with a supporting affidavit from Senior Executive Vice President for Strategic Initiatives for PCPC, Mark Pollak (Doc. 24-1). Defendant PCPC maintains that it has no direct continuous ties with Illinois and at no time purposely directed PCPC business at Illinois (Doc. 24). Plaintiffs argue that the 'conspiracy theory' provides the basis for personal jurisdiction (Doc. 48). Defendant contests its applicability (Doc. 53)

## II.   <u>Motion to Dismiss</u>

A district court has personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed.R.Civ.P. 4(k)(1)(A). In diversity cases, an out-of-state defendant must have "minimum contacts" with the forum state to properly assert personal jurisdiction. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The minimum contacts analysis requires the court to determine whether a nonresident defendant "has purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citation omitted). Illinois' long-arm statute allows the exercise of jurisdiction to the full extent permitted under the Due Process Clause. 735 ILL. COMP. STAT. 5/2-209(c); *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir.2010). Thus, an Illinois district court must inquire whether the "defendant has certain minimum contact with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853 (2011)).

The plaintiff bears the burden of establishing personal jurisdiction, but where, as here, the issue is raised on a motion to dismiss, the plaintiff need only make a *prima facie* showing of jurisdictional facts. *Purdue Research Found v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir.2003). The Court therefore accepts as true all well-plead facts alleged in the complaint and resolves any factual disputes in favor of the plaintiff. *Id.*

### III.   Analysis

**a.  Plaintiff Established a *Prima Facie* Case for Conspiracy**

In this case, plaintiff asserts personal jurisdiction solely under the the conspiracy theory of jurisdiction (Doc. 48). A plaintiff asserts the "conspiracy

theory of personal jurisdiction" against a non-resident defendant, who, although did not himself commit a tort in Illinois, did conspire with others to do so. See *Cleary v. Phillip Morris Inc.,* 726 N.E.2d 770, 773 (Ill.App.Ct. 2000). However, the conspiracy theory of jurisdiction has only been properly asserted if (1) the defendant is part of an actionable conspiracy and (2) a co-conspirator performed a substantial act in furtherance of the conspiracy. *Textor v. Bd. of Regents of Northern Illinois Univ.*, 711 F.2d 1387, 1392–93 (7th Cir.1983). The Court noted in its March 17, 2015 order that plaintiff made a *prima facie* showing of the existence of a conspiracy (Doc. 70). However, PCPC contends that despite that finding, the conspiracy theory of personal jurisdiction is no longer viable in Illinois, thus dismissal of PCPC is appropriate (Doc. 53).

**b. Conspiracy Theory of Personal Jurisdiction**

The conspiracy theory of personal jurisdiction permits jurisdiction over an out-of-state defendant in a forum where one of his co-conspirators has acted in furtherance of the conspiracy. *Textor v. Board of Regents of Northern Illinois University,* 711 F.2d 1387, 1392–93 (7th Cir.1983). The theory has been heavily criticized by a number of courts in Illinois due to concern regarding the viability of the theory as a basis for personal jurisdiction, while still complying with the Due Process Clause. *See Ploense v. Electrolux Home Products, Inc.,* 882 N.E.2d 653, 666 (Ill.App.2007)(calls into doubt whether the conspiracy theory complies with federal minimum contacts requirements); *Knaus v. Guidry,* 906 N.E.2d 644,

659–61 (Ill.App.2009); *Green v. Advance Ross Electronics Corp.*, 427 N.E.2d 1203 (Ill. 1981).

More recently, the Seventh Circuit questioned the legitimacy of the theory, in light of *Ploense* and *Knaus*, by declaring the conspiracy theory of jurisdiction "may not be valid in Illinois." See *Smith v. Jefferson Cnty. Bd. of Educ.*, 378 F. App'x 582, 585-86 (7th Cir. 2010). The Court went on to declare more than a simple allegation of conspiracy is required to assert jurisdiction of a non-resident defendant. *Id* at 586.

Recent case law reveals a strong trend that something more than an attenuated link is necessary to establish a defendant's personal jurisdiction. In *Walden v. Fiore*, the United States Supreme Court indicated that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction... Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the state. *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) quoting *Burger King*, 471 U.S. at 475.

In this case, plaintiff must show that PCPC "purposefully directed activities at the forum state or purposefully availed himself of the privilege of conducting business in the state" *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) in order to establish minimum contacts to ensure that defendant is put on notice that PCPC may be required "to submit to the burdens of litigation in the

forum." *Burger King Corp. v. Rudzewicz*, 471 US. at 474-476. Cebulske's theory of personal jurisdiction rests entirely on the allegation that PCPC "conspired" with J&J and Imerys to suppress undesirable information about the correlation between talc and ovarian cancer (Docs. 3-1, 48). No claims as to PCPC's individual conduct in Illinois are alleged. Moreover, PCPC does not maintain an office in Illinois, has not purposely directed activities or statements towards the state with regard to the matter at issue (aside from occasional lobbying activities on matters unrelated to the issues set forth in this lawsuit), has no agent for service of process in Illinois, and is not licensed to do business in Illinois (Doc. 24-1).

Even applying the *World-Wide Volkswagen Corp. v. Woodson* stream-of-commerce doctrine to defendant PCPC, its status as a non-profit trade association, similar to the defendant in *Ploense*, does not satisfy the "minimum contacts" requirements for due process. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct. 559, (1980). The stream of commerce doctrine provides that one who "delivers" its products into the stream of commerce, with the expectation that the products will be purchased in a particular state, is subject to personal jurisdiction in that state. *Id*. at 298. Unlike the defendants in *World-Wide Volkswagen*, the defendants in *Ploense* and this case are classified trade associations, and not alleged to be delivering products into Illinois' stream of commerce.

Furthermore, in this case, plaintiff failed to assert that PCPC sold *any* products to the public, let alone Illinois residents, and failed to assert that PCPC intended for its activities to affect Illinois residents. Despite plaintiff's presentation of a *prima facie* showing of a conspiracy involving the named defendants, no allegations were made that PCPC, as a nonresident defendant, was targeting Illinois residents, or that the organization had any ties with the state of Illinois to satisfy the "minimum contacts" due process requirement (Doc. 3-1 ¶62b). Ultimately, plaintiff's reliance on the conspiracy theory of personal jurisdiction is misplaced, as courts in Illinois are moving away from the theory as a basis for establishing personal jurisdiction.

Because PCPC has insufficient contacts with Illinois to establish "minimum contacts" for Due Process Clause purposes, this Court has no specific personal jurisdiction over the moving defendant. Additionally, plaintiff does not allege general personal jurisdiction, which requires a defendant to have 'continuous and systematic' connections with the forum state so as to render the defendant at home in the forum for all intents and purposes.  Therefore, because PCPC lacks the minimum contacts with Illinois necessary to justify the exercise of personal jurisdiction under the Due Process Clause of the Fourteenth Amendment, PCPC must be dismissed for lack of personal jurisdiction.

## IV.   <u>Conclusion</u>

For the foregoing reasons, the Court **GRANTS** defendant Personal Care Products Council's motion to dismiss plaintiff's complaint (Doc. 24). Defendant

Personal Care Products Council is **DISMISSED** for lack of personal jurisdiction.
Any attempt to collect a judgment from Personal Care Products Council that may
result from this case must take place, if at all, in another jurisdiction. The Clerk
of the Court is directed to enter judgment accordingly at the close of the case.

    **IT IS SO ORDERED.**

    Signed this 25th day of March, 2015.

Digitally signed by
David R. Herndon
Date: 2015.03.25
14:30:55 -05'00'

                   **United States District Judge**